UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THOMAS ROGER WHITE, JR., on behalf of himself and all others similarly situated,<br><br>Movant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Respondent.<br>_____/ | Misc. Case No.: _____<br><br>Related Case No. 2:17-cv-01775-MCA-JSA<br>U.S. District Court, District of New Jersey |

**PLAINTIFFS' MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SAMSUNG ELECTRONICS CO., LTD.**

Plaintiff Thomas Roger White, Jr. and the prospective class (collectively "Plaintiffs") hereby move this Court for an Order, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) to compel non-party Samsung Electronics Co., Ltd. ("SEC") to produce evidence responsive to the subpoena issued by Plaintiffs in connection with the litigation matter styled *White v. Samsung Electronics America, Inc.*, pending in the U.S. District Court for the District of New Jersey (No. 2:17-cv-01775-MCA-JSA) ("New Jersey Litigation"). SEC's wholly-owned American subsidiary, Samsung Electronics America, Inc. ("SEA"), is the defendant in this litigation.

Plaintiffs served the subpoena on SEC by personal service on one of SEC's independent directors in North Palm Beach, Florida on February 9, 2024, after months-long negotiations with SEA regarding production of documents sought in the subpoena failed. The five narrow subpoena requests seek documents central to the legal dispute between SEA and Plaintiffs. SEA has informed Magistrate Judge Allen in the plenary action that SEC, not SEA, is in the possession, custody, and control of data responsive to Plaintiffs' discovery requests, as well as disclosures to users. ECF 234[1] at 2, 6, 8–9. Although the parties have continued to negotiate document

---

[1] Docket citations are to the corresponding entries in the New Jersey Litigation.

production, as of the date of this motion SEA has produced just a few documents it claims are under SEC's possession, custody, and control. Declaration of Lesley E. Weaver, ¶ 5 (hereinafter ("Decl.")). SEC is conditioning production on an order compelling it. ECF 283 at 11.

SEC retained counsel in New Jersey and served non-specific, general objections on February 23, 2024. SEC's primary objection is the manner of service. Despite the fact that SEC is a global, multibillion dollar company that sells millions of televisions every year to millions of Americans, SEC incorrectly contends it can only be served through Hague Evidence Convention procedures, not the Federal Rules of Civil Procedure ("FRCP"). Established Supreme Court precedent holds that Plaintiffs need not require first resort to the Hague Convention when service under FRCP 45 is proper. Because SEC was properly served and failed to articulate any substantive objections, waiving them as to relevance, scope, or burden, Plaintiff respectfully requests this Court compel SEC to immediately comply with the subpoena.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

### I. RELEVANT BACKGROUND

The New Jersey Litigation is a nationwide class-action lawsuit alleging that SEA's automatic content recognition ("ACR") technology embedded in SEA's Smart TVs sold in the U.S. violates the Wiretap Act by taking nearly continuous snapshots of the Smart TV's screen content without consent. *See* Decl., Ex. A; 18 U.S.C. § 2511 (prohibiting interception of electronic communications without "prior consent"). The Relevant Time period has been determined by Magistrate Judge Allen to be May 16, 2014 to the present. ECF 287 at ¶ 4.

### A. SEC's Involvement In the Operation of ACR.

Industry estimates put Samsung's market share for Smart TVs in the U.S. at over 30%—one in three Americans with a "smart" (internet-connected) television owns a Samsung Smart TV. Decl., ¶ 11; *Id.*, Exs. H–J. Discovery from SEA in the plenary action shows ███████

2

███████████████████████████████████████████████████████████████. *Id.*, Ex. L. SEA asserts SEC controls the implementations of the software and hardware required for ACR to function, but claims the bulk of relevant evidence is in SEC's custody. *Id.*, ¶ 4. If U.S. consumers connect their televisions' "smart" features, SEA argues the terms and conditions refer to SEC. *Id.*, ¶ 9; *Id.*, Ex. G at ¶ 1.1(a).

On Samsung Smart TVs, ACR operates continually in the background on televisions in the U.S., ███████████████████████████████████████████████. *Id.*, Ex. L at -00046915. ███████████████████████████████████████████████████████████████████████████████████████████████████████. *Id.* at SEA-00046910, -00046915 (█████████████████████); Ex. K (reflecting █████████████████████████████████████); *see also* ECF 270 at 5 ("Unanalyzed ACR data (referred to as 'fingerprint data') is not sent to samsungacr.com. Instead, unanalyzed fingerprint data is sent to the 'matching server,' using the domain name SamsungCloud.tv, both of which are controlled by SEC. SEA does not have custody, possession, or control over the matching server."). Because SEA refuses to produce highly probative evidence relating to ACR on the basis that SEC has custody of it, Plaintiffs are forced to seek it through this subpoena.

B. **Service of the Subpoena and SEC's Objections**

Service on SEC was effected on February 9, 2024, by delivering a copy of the subpoena to Mr. Jeong H. Kim, an independent director of SEC, named in its public filing, in care of his spouse, at their joint North Palm Beach, Florida residence. Decl., Ex. C. Mr. Kim is described in recent annual reports as assisting with oversight efforts, and earning compensation of over $100,000 per year to do so. *See id.*, Exs. D & E. SEA's counsel declined to accept service on multiple occasions.

3

SEC responded through counsel on February 23, 2024, asserting eleven general objections, reserving without basis, the right to provide "specific objections," and disclaiming SEC's response conceded any issues regarding proper service or the subpoena's enforceability. *Id.*, Ex. F.

## II. ARGUMENT

SEC was properly served and should be ordered to comply with the subpoena. SEC argues service was "contrary to the applicable provisions of the Hague Convention," "ineffective because the independent board member is not an officer or authorized agent of SEC," and not in compliance with the Federal Rules of Civil Procedure or the laws of Florida and New Jersey. *Id.* Each argument fails for the reasons stated below.[2]

### A. The Hague Convention Does Not Override the Federal Rules of Civil Procedure.

SEC refuses to comply with the subpoena, arguing Hague Convention service was mandatory. Not so. Long ago, the United States Supreme Court held service through the Hague Convention is not required as a "first resort" for foreign entities, who may also be amenable to service through other methods authorized by the FRCP. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. Of Iowa*, 482 U.S. 522, 542 (1987) ("*Aerospatiale*"); *accord First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 23 (2d Cir. 1998) (declining to "adopt a rule mandating primary resort to the Hague Convention as the means of obtaining discovery from a foreign non-party witness") *and Costa Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 473 (S.D. Fla. 2011) ("[The] Supreme Court explained that the Hague Convention 'was intended as a permissive supplement, not a preemptive replacement, for other means of obtaining evidence located abroad.'") (quoting *Aerospatiale*, 522 U.S. at 536).

---

[2] In the event Plaintiffs' Motion is transferred to the District Court for the New Jersey Litigation, Plaintiff requests leave to file a supplement brief with additional case law specific to that jurisdiction. Plaintiffs are currently complying with the 10-page limitation in these Local Rules.

Similarly, federal courts have explicitly rejected the idea that "the Federal Rules of Civil Procedure do not allow for the service of subpoenas on foreign nonparty witnesses," or that Rule 45 subpoenas cannot be used instead of proceeding through the Hague Convention. *See Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transp.*, 180 F.Supp.3d 290, 292 & n.2 (S.D.N.Y. 2016) (collecting cases); *In re Procom Am., LLC*, 638 B.R. 634, 637 (Bankr. M.D. Fla. Mar. 21, 2022) (rejecting the Hague Convention as "the exclusive (and primary) means of obtaining discovery from a foreign national abroad"). SEC's argument fails.

**B.     Service On SEC's Independent Board Member Is Permitted By FRCP 4(h).**

Serving a subpoena under Rule 45 requires "deliver[y]" to the "named person." FRCP 45(b)(1). What qualifies as delivery to a corporation under Rule 45 is dictated by service standards under Rule 4. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, 2008 WL 11342610, at *2 (M.D. Fla. Apr. 15, 2008). Rule 4(h)(1)(A) authorizes service pursuant to state law, of either the state where the district court is located or the state where service is made. *See Anthony v. FDE Mktg. Grp. LLC*, 2021 WL 5937683, at *3 (S.D. Fla. Dec. 16, 2021).

New Jersey law, which applies to the plenary action, allows service of process on "any officer, ***director***, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation." N.J. Ct. R. 4:4–4(a)(6) (emphasis added). Mr. Kim is a director of SEC and thus a proper agent for service of process under New Jersey law. *See Demetro v. Nat'l Ass'n of Bunco Investigations*, 2017 WL 3923290, at *5 (D.N.J. Sept. 7, 2017) (ruling that service on a director is effective under New Jersey law). Florida law is consistent, providing that "[a] foreign corporation may be served with process required or authorized by law in accordance with § 48.081." Fla. Stat. § 607.15101(1). Under § 48.081, process may be served on "[a]ny person listed publicly by the domestic corporation or

5

registered foreign corporation on its latest annual report, as most recently amended." Fla. Stat. § 48.081(3)(b). SEC's most recent annual report lists Director Kim. *See* Decl., Exs. D, E. Accordingly, he is an authorized agent for service of process under Florida and New Jersey law.

### C. SEC Regularly Transacts Business Within 100 Miles of the Place of Compliance.

The subpoena lists the place of production as the offices of Veritext, LLC, 1400 Centrepark Blvd., Ste. 605, West Palm Beach, FL 33401. In this respect, the subpoena complies with Fed. R. Civ. P. 45(c) because the place of compliance is within 100 miles of where SEC "resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c).

There can be no dispute that SEC "regularly transacts business" throughout the United States, including in Miami, Florida, where the Plaintiff in this action resides, and where he watches two of his at-issue Samsung Smart TVs. Decl., ¶ 3. In the New Jersey Litigation, SEA has submitted to the Court terms and conditions explicitly asserting Plaintiff, by using his televisions in Miami, is contracted with SEC and any affiliates under its control, including SEA. *Id.*, ¶ 10.

Samsung Smart TVs are sold throughout the state of Florida, including in cities within the Southern District of Florida such as North Palm Beach and Miami, Florida (where Plaintiff White resides). *Id.*, Exs. H–J (reflecting at least a 30% market share for them). For each Smart TV sold in Florida and the United States, SEC is entering into contracts with these consumers, which constitutes a regular transaction of business. *Id.*, Ex. G. This conduct constitutes a regular transaction of business. *See Penco Prod., Inc. v. WEC Mfg., LLC*, 974 F.Supp.2d 740, 747 (E.D. Pa. 2013) ("Where the defendant enters into contracts with residents of the forum that involve the knowing and repeated transmission of computer files over the internet, a court within that forum will have general jurisdiction."); *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1274 (11th Cir. 2022) (collecting Florida state cases regarding same). Here, the ACR technology at the heart of the New

6

Jersey Litigation involves regular transmissions, ███████████████████████████████ ███████████████████████████████████████. Decl., Ex. L at -00046915. This "knowing and repeated transmission of computer files over the internet," ███████ ███████████████████████████████████, is precisely the kind of "regular transaction of business" making this District acceptable for Rule 45 compliance. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. Jan. 16, 1997) (describing a sliding scale for assessing jurisdiction); *see also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1219 & n.26 (11th Cir. 2009) (collecting cases). There should be no more stringent test for the geographic limitation set out in FRCP 45(c)(2)(A). *See, e.g.*, *Regents v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996) (declining to equate the Rule 45 standard with a test for personal jurisdiction).

Moreover, even if this Court finds the subpoena incorrectly designated the place of compliance, quashing the subpoena is not appropriate when no personal appearance is required. *See Trigeant Ltd. v. Petroleos De Venezuala, S.A.*, 2009 WL 10668731, at *3 (S.D. Fla. May 5, 2009) (100-mile limitation "was intended to apply to nonparty persons subpoenaed to testify or appear, and to corporate officers required to deliver documents in person"). Plaintiff will accept delivery of the documents by any electronic means, with no physical delivery required. SEC did not timely avail itself of FRCP 45(d)(3)(A)(ii) to move to quash or modify the subpoena, claiming failure to comply with the 100-mile limit. *See Centennial Bank v. Servisfirst Bank Inc.*, 2016 WL 4163560, at *3 (M.D. Fla. Aug. 5, 2016) (finding that "courts hold that a motion to quash filed *before* the date of compliance stated on the face of the subpoena is timely") (emphasis in original).

D.   **This Court Has Jurisdiction to Enforce the Subpoena.**

Specific jurisdiction for a Rule 45 subpoena is evaluated by determining whether the document request in the subpoena is sufficiently related to the company's ties to the United States as a whole. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 & n.21 (2d Cir. 2014); *Application*

7

*to Enforce Admin. Subpoena Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (cited favorably in *Gucci America*, *supra*) ("The underlying investigation and this subpoena enforcement action arise out of Knowles's contacts with the United States and thus support the exercise of specific jurisdiction in order to secure enforcement."). Evaluating U.S. ties as a whole for a Rule 45 subpoena is proper because Rule 45(b)(2) authorizes nationwide service. *See Reese Bros., Inc. v. U.S. Postal Serv.*, 477 F.Supp.2d 31, 37-38 (D.D.C. 2007) (minimum U.S. contacts are sufficient to confer personal jurisdiction where a statute provides for nationwide service of process) (collecting cases).

SEC has sufficient ties to the United States to be amenable to service here. And those ties are specifically related to the subpoenaed documents. SEC is a multibillion dollar company doing extensive U.S. business. Samsung's own market reports estimate Samsung's 30% market share, meaning approximately one in three American households owns a Samsung television. Decl., Exs. H–J. Particularly with respect to the ACR technology at issue in this document subpoena, this technology operates on each Samsung Smart TV ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—including on Plaintiff White's TVs located in this District. *Id.*, Ex. L at -00046915. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. These contacts are extensive, continuous, and directed at the United States. *See Schmidt v. Wash. Newspaper Pub. Co., LLC*, 2018 WL 11650584, at *9 (S.D. Fla. Oct. 4, 2018) ("In assessing the sufficiency of a nonresident's Internet communications as a basis for personal jurisdiction, courts may consider the level of

8

interaction between the host and user, and the commercial nature of the website.") (quoting *Bioheart, Inc. v. Peschong*, 2013 WL 1729278 at *3 (S.D. Fla. Apr. 22, 2013)); *see also Williams v. Binance*, -- F.4th --, 2024 WL 995568 (2d Cir. 2024) (certain securities trades were plausibly alleged as executed in the United States based on an "inference that the transactions at issue were matched on U.S.-based servers," just as the data here is also hosted by Amazon Web Services).

The Seventh Circuit's discussion of minimum contacts in *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421 (7th Cir. 2010), is especially instructive. There, the defendant alleged it had no minimum contacts with the forum state (Illinois) because it had "limit[ed] its physical presence to Arizona," it was "incorporated and headquartered in Arizona, and the vast majority of its offices and employees are located in Arizona." *Id.* at 424. But the court was not persuaded. It noted that its "virtual presence in the rest of the country cannot be ignored," citing a "nationwide advertising campaign" and hundreds of thousands of customers located in Illinois. *Id.* Relying heavily on *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), the court rejected the idea that online contacts with forum residents did not count as minimum contacts, holding: "the fact that GoDaddy can make millions of dollars and recruit hundreds of thousands of customers without the equivalent of International Shoe's sales representatives, Ford's dealerships or Coca-Cola's distributors is not decisive under the flexible jurisdictional analysis that the Supreme Court has applied consistently." *GoDaddy*, 623 F.3d at 429. "What matters is that GoDaddy purposefully availed itself of the Illinois market"—as Samsung is doing with the United States market—"through its deliberate and continuous exploitation of that market." *Id.*

With respect to whether exercising specific jurisdiction here would comport with due process, this analysis is required "only if a defendant has established that his liberty interests actually have been infringed." *In re Takata Airbag Prods. Liab. Litig.*, 396 F.Supp.3d 1101, 1145

(S.D. Fla. 2019) (quoting *Rep. of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935 (11th Cir. 1997)) . No such showing could be made here, where SEC is a global company that litigates often in United States courts and is being asked here to provide basic information related to a single business process (ACR technology) for a single line of products (Smart TVs).

  **E. SEC's Boilerplate Objections Lack Merit**

SEC's general objections are "improper" and "without merit" in this District. *Coleman v. Lennar Corp.*, 2018 WL 3672251, at *3 (S.D. Fla. June 14, 2018) (collecting cases); *see also Nat'l Staffing Solutions, Inc. v. Sanchez*, 2022 WL 19355853, at *4 (M.D. Fla. Sept. 22, 2022) (overruling general objections raised in response to a subpoena). Each of the five subpoena document categories narrowly seek information that is proportional to the needs of the New Jersey Litigation, and would not impose an undue burden on SEC. These requests focus on the actual data flow from Samsung televisions that is intercepted, which SEA claims only SEC has possession, custody, or control over. Decl., ¶ 4. Plaintiffs' motion to compel should be granted.

**III. CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court compel SEC to produce documents responsive to the subpoena within ten (10) days of the resolution of this motion.

* * *

<u>**CERTIFICATE OF GOOD FAITH CONFERENCE**</u>

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 7.1(a)(3), Plaintiffs certify the parties made a good faith effort in writing and through a telephone conference to resolve the dispute and have been unable to do so.

Dated: March 22, 2024

Respectfully submitted,

By: */s/ Jonathan M. Streisfeld*
Jonathan M. Streisfeld
Florida Bar No. 117447
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
streisfeld@kolawyers.com
One West Las Olas, Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

Lesley E. Weaver (*pro hac vice anticipated*)
Joshua D. Samra (*pro hac vice anticipated*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
jsamra@bfalaw.com

H. Melissa Mather (*pro hac vice anticipated*)
BLEICHMAR FONTI & AULD LLP
8911 N Capital of Texas Hwy #4200
Suite 219
Austin, TX 78759
Tel.: (512) 298-0664
mmather@bfalaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I caused a true and correct copy of the foregoing document and attachments to be served on the following counsel for SEC via e-mail:

Liza M. Walsh
lwalsh@walsh.law
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: 973.757.1100
Fax: 973.757.1090

*Counsel for Samsung Electronics Co., Ltd.*

I also caused a true and correct copy of the sealed version of the document and attachments to be served on the following counsel for SEA via e-mail for the purposes of requesting that they consent to the records being shown to SEC's counsel.

Michael R. McDonald
mmcdonald@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

*Attorney for Defendant
Samsung Electronics America, Inc.*

Emily Johnson Henn
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700

Jonathan M. Sperling
jsperling@cov.com
Jordan S. Joachim
jjoachim@cov.com
Celin Carlo-Gonzalez
CCarloGonzalez@cov.com
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841 1000

*Attorneys for Defendant Samsung Electronics America, Inc.*

 */s/ Jonathan M. Streisfeld*
Jonathan M. Streisfeld