## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THOMAS ROGER WHITE, JR., on behalf of himself and all others similarly situated,<br><br>  Movant,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>  Respondent. | Misc. Case No.: 9:24-mc-80360-AMC<br><br>Related Case No. 2:17-cv-01775-MCA-JSA<br>U.S. District Court, District of New Jersey |

### MOTION FOR LEAVE TO SEAL PLAINTIFFS' MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SAMSUNG ELECTRONICS CO., LTD.

Pursuant to Local Rule 5.4(b) of the Southern District of Florida, Plaintiff Thomas Roger White, Jr. and the prospective class (collectively "Plaintiffs") respectfully move this Court for entry of an Order allowing Plaintiffs to file under seal their unredacted version of the Motion to Compel Samsung Electronics Co., Ltd. to Produce Documents in Response to a Rule 45 Subpoena ("Motion to Compel"), as well as certain exhibits attached thereto (ECF No. 1). The underlying Motion to Compel is being filed in connection with a lawsuit in the United States District Court for the District of New Jersey captioned *White v. Samsung Electronics America, Inc.*, pending in the United States District Court for the District of New Jersey (Case No. 2:17-cv-01775-MCA-JSA) (the "New Jersey Litigation").[1] Because the Defendant in the New Jersey Litigation has marked the material sought to be sealed "Confidential" pursuant to the Discovery Confidentiality Order issued in that action and because disclosure of this information may cause harm to the Defendant, Plaintiffs respectfully request this Court grant this Motion to Seal.

---

[1] Pursuant to Rule 5.4(b), Plaintiffs have publicly filed a redacted version of its Motion to Compel and filed the exhibits in blank form to preserve the confidentiality of the documents.

I. **Legal Standard**

Local Rule 5.4(b) provides that a party seeking to file under seal must (1) set forth the factual and legal basis for departing from the policy that Court filings be public; and (2) describe the proposed sealed filing with sufficient particularity without revealing the confidential information. In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *Procaps S.A. v. Pantheon, Inc.*, No. 12-24356-CIV, 2013 WL 5928586, at *3 (S.D. Fla. Nov. 1, 2013).

However, the Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1246 (11th Cir. 2007). It has further explained that documents and information filed "in connection with motions to compel discovery," like the material at issue here, "are not subject to the common-law right of access.'" *Id.* at 1245 (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d. 1304, 1311 (11th Cir. 2001)). As the Eleventh Circuit has explained, "the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'" *Id.* (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)).

II. **Plaintiffs' Motion Necessitates Filing Under Seal**

On March 28, 2018, the Court presiding over the New Jersey Action entered a Discovery Confidentiality Order governing discovery among parties and non-parties in that action. The Discovery Confidentiality Order allows for a party to designate materials produced or disclosed in that action as "Confidential."[2] Under the Discovery Confidentiality Order, information designated "Confidential" includes any document or thing that contains: (a) "trade secrets, competitively

---

[2] A true and correct copy of the Discovery Confidentiality Order is attached hereto as Exhibit A.

2

sensitive technical, marketing, financial, sales or other confidential business information;" (b) "private or confidential personal information," (c) "information received in confidence from third parties," or (d) which the producing party in good faith believes is entitled to protection under Fed. R. Civ. P. Rule 26(c)(1)(G)" and the local rules of court. Exhibit A at ¶ 1.

In the Motion to Compel, Plaintiffs cite to information contained in documents that the Defendant in the New Jersey Action produced and designated "Confidential." Plaintiffs understand that by designating the referenced material as "Confidential," Defendant believes the information contained therein is confidential and that the public disclosure of such information will cause harm to the Defendant and/or any third parties to whom a duty of confidentiality is owed. Specifically, the proposed redacted and sealed information in the Motion to Compel would reveal information relating to the functionality and operation of Samsung's proprietary Automatic Content Recognition ("ACR") technology.

Further, there is no common-law right of access to this material because it was provided in documents exchanged in the course of discovery in the New Jersey Action. *Locke v. Warren*, 611 F. Supp. 3d 1375, 1381 (S.D. Fla. 2020) (holding that the common-law right of access generally "does not extend to information collected through discovery which is not a matter of public record") (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)). It also does not apply because the material was filed "in connection with motion[] to compel discovery." *Romero*, 480 F.3d at 1245 (citation omitted).

### III. Conclusion

Accordingly, Plaintiffs respectfully request this Court enter an Order allowing it to file under seal portions of its Motion to Compel Documents Responsive to Subpoena to Samsung Electronics Co., Ltd. to Produce Documents in Response to a Rule 45 Subpoena as well as certain

exhibits attached thereto. The sealed filings should remain sealed until such time as the Court in the New Jersey Action were to determine any of the filings not to be "Confidential" or this Court orders any sealed filings to be unsealed.

A proposed order is attached as Exhibit B.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs certify that it has made reasonable efforts to confer with counsel for the Defendant in the New Jersey Action, the party affected by the information designated "Confidential" that is cited in the Motion to Compel, via email on March 22, 2024 to see if Defendant would agree to the relief sought herein, but as of the time of this filing, have not heard back as to Defendant's position. Should Defendant agree to the requested relief, Plaintiffs will notify the Court.

Dated: March 25, 2024

By: */s/ Jonathan M. Streisfeld*
Jonathan M. Streisfeld
Florida Bar No. 117447
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
streisfeld@kolawyers.com
One West Las Olas, Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

Lesley E. Weaver (*pro hac vice anticipated*)
Joshua D. Samra (*pro hac vice anticipated*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
jsamra@bfalaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, I caused a true and correct copy of the foregoing document and attachments to be served on the following counsel for SEC via e-mail:

Liza M. Walsh
lwalsh@walsh.law
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: 973.757.1100
Fax: 973.757.1090

*Counsel for Samsung Electronics Co., Ltd.*

*/s/ Jonathan M. Streisfeld*
Jonathan M. Streisfeld